lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RALPH STEVENS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WATER DISTRICT ONE OF )<br>JOHNSON COUNTY, )<br>)<br>Defendant. )<br>) | Case No. 06-2265-JAR |

## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

The Court now considers defendant's Motion for Judgment as a Matter of Law. Defendant Water District One of Johnson County ("WaterOne") orally moved for judgment pursuant to Fed. R. Civ. P. 50(a) at the close of plaintiff's evidence and renewed the motion at the close of all evidence (Doc. 57). Specifically, WaterOne asked for judgment on plaintiff's retaliation claim on the issues of good faith, causation and intent, and on plaintiff's claim for punitive damages. The Court granted WaterOne's motion with respect to punitive damages,[1] and took the remainder of the motion under advisement.

Subsequently, the jury returned a verdict in favor of plaintiff on his retaliation claim and awarded him damages in the amount of $25,000 in compensatory damages and $199,045.02 for lost wages and benefits. The Court has considered the parties' submissions and, as explained more fully below, denies WaterOne's motion for judgment as a matter of law.

**I.    Standard**

---

[1] Specifically, the Court found that defendant WaterOne is a quasi-municipal agency and as such, the recovery of punitive damages is not permitted in this Title VII action.

Under Federal Rule of Civil Procedure 50(a)(1), a court may grant a motion for judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[2]  A moving party "is entitled to a judgment if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3]  "The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which a jury could properly find for that party."[4]  In order for a jury to properly find for a party, "more than a scintilla of evidence" must be presented to support a claim.[5]

In considering a motion for judgment as a matter of law, the court reviews all of the evidence in the record and construes it in the light most favorable to the nonmoving party.[6]  But the court must refrain from making credibility determinations and weighing the evidence.[7]  "The jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact."[8]

## II.     Discussion

---

[2] Fed. R. Civ. P. 50(a)(1).

[3] *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000) (quotations omitted).

[4] *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 685 (10th Cir. 2007).

[5] *Id.* (citing *Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1278 (10th Cir. 2003)).

[6] *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000) (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000); *Deters*, 202 F.3d at 1268).

[7] *Id.*

[8] *See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000) (internal quotations and citation omitted).

The elements of a prima facie claim of retaliation under Title VII are: (1) the employee engaged in protected opposition to discrimination; (2) the employee suffered an adverse employment action during or after his protected opposition that a reasonable employee would have found materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action.[9] Plaintiff's retaliation claim was analyzed at the summary judgment stage of these proceedings using the test first articulated in *McDonnell Douglas Corp. v. Green*.[10] "Once the employee establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. If the employer does so, the burden shifts back to the plaintiff to show that the employer's reasons are pretextual."[11] However, the burden-shifting analysis drops away entirely once the case goes to trial.[12] At that point, it is the plaintiff's burden to prove retaliation.[13] As the Tenth Circuit has explained,

> Essentially, at trial the plaintiff is attempting to prove pretext. 'So long as the plaintiff has presented evidence of pretext (by demonstrating that the defendant's proffered non-discriminatory reason is unworthy of belief) upon which a jury could infer discriminatory motive, the case should go to trial. Judgments about intent are best left for trial and are within the province of the jury.'[14]

Neither party disputes the correctness of the Court's instructions to the jury, which instruct that in order to prevail on his claim of retaliation, plaintiff must prove by a

---

[9] *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006).

[10] 411 U.S. 792, 802 (1973).

[11] *Id.* (citations omitted).

[12] *Kendrick v. Penske Transp. Servs. Inc.*, 220 F.3d 1220, 1228 n.7 (10th Cir. 2000).

[13] *Watson v. Norton*, 10 F. App'x 669, 679 (10th Cir. 2001).

[14] *Id.* (quoting *Randle v. Aurora*, 69 F.3d 441, 453 (10th Cir. 1995)).

preponderance of the evidence that (1) he complained of sexual harassment; (2) he had a good faith, reasonable belief that the conduct he reported was sexual harassment; (3) defendant terminated plaintiff at the time of or after his complaint of sexual harassment; and (4) his complaint of sexual harassment was a motivating factor in defendant's decision to terminate plaintiff's employment.[15]  WaterOne concedes that plaintiff complained of sexual harassment but challenges the evidence in support of the jury's finding of good faith, causation and intent.

### A.  Good Faith

To maintain a retaliation claim, a plaintiff need not demonstrate that the defendant "actually discriminated against him; he need only show that when he engaged in protected opposition, he had a reasonable good-faith belief that the opposed behavior was discriminatory."[16]  WaterOne argues that the evidence was clear that the only reason plaintiff filed his sexual harassment complaint was because he was angry at Mr. Meacham for reporting his deficient work performance to Mr. Weber and Mr. Schrempp.  As plaintiff points out, however, he testified that he believed his claim was made in good faith and he waited to report the comments because he feared retaliation.  In addition, there was evidence that Meacham admitted to making the comments, they were considered inappropriate if not harassment, and Meacham was disciplined and counseled against making such comments in the future.  The jury was also provided the text of WaterOne's discrimination policy.  Under the standard enunciated in Rule 50(a), this evidence was sufficient for the jury to find in favor of plaintiff on this element.   ### B.  Causation

---

[15](Doc. 63, No. 16.)

[16]*Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015-16 (10th Cir. 2004) (citing *Crumpacker v. Kansas Dep't of Human Res.*, 338 F.3d 1163, 1172 (10th Cir. 2003)).

To establish that a causal connection exists between plaintiff's complaint and termination of his employment, plaintiff must proffer "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action."[17] "However, unless the termination is *very closely* connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation."[18] WaterOne argues that there is no evidence to show the causal connection between plaintiff's termination and his complaint of sexual harassment. It argues that plaintiff was counseled by WaterOne management about his deficient job performance prior to his complaints of sexual harassment, which undercuts any possible temporal proximity between his complaint and his termination.

In this case, the temporal proximity between his complaint and sexual harassment and termination is slightly over three months. Plaintiff points to a variety of evidence that he claims demonstrates retaliatory intent. For example, in his testimony, plaintiff denied the allegations surrounding the turbidity meter incident and the October 5, 2005 incident at the Missouri River, two incidents of deficient job performance, according to Water One. Other evidence supporting retaliatory intent includes plaintiff's the debate over whether to terminate plaintiff or merely discipline him for these incidents, plaintiff's relatively favorable performance evaluations prior to his complaint, and that prior to his termination, plaintiff had never been disciplined in his tenure at WaterOne.[19] Although plaintiff may have been questioned about the turbidity meter incident prior to his complaint, the evidence at trial was that the decision to terminate plaintiff

---

[17]*Proctor v. U.P.S.*, 502 F.3d 1200, 1208 (10th Cir. 2007) (quotation omitted).

[18]*Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999)) (emphasis in the original) (internal citations omitted).

[19]This evidence also supports the jury's finding of intent, as discussed *infra* at part II.C.

was made subsequent to his complaint, after the October 5, 2005 incident at the river. While WaterOne counters with explanations and evidence to the contrary, when viewed in the generous context of a motion for judgment as a matter of law, the evidence introduced at trial was sufficient to permit the jury to conclude that WaterOne retaliated against plaintiff for making his complaint of sexual harassment. WaterOne's motion is denied on this issue.

### C.     Intent

To establish intentional retaliation at the trial stage, plaintiff must show by a preponderance of the evidence that his sexual harassment complaint played a part in WaterOne's decision to terminate plaintiff's employment, even though other factors may also have motivated WaterOne.[20] The jury was instructed that it could find that plaintiff's complaint of sexual harassment was a motivating factor if plaintiff showed by a preponderance of the evidence that WaterOne's stated reason for its decision to terminate his employment is not the true reason, but a pretext to hide discrimination.[21]

WaterOne argues that plaintiff has not offered sufficient evidence showing that his complaint of sexual harassment was a motivating factor in the decision to terminate his employment. Instead, it argues, plaintiff's evidence consisted of conjecture not supported by the record evidence, specifically his testimony about his responsibility for and actual cleaning of the turbidity meter. The Court disagrees, and finds that there is sufficient evidence in the record that would allow the jury to properly find for plaintiff on the issue of intent. In addition to plaintiff's testimony about the turbidity meter, there was evidence that WaterOne never formally

---

[20](Doc. 63, No. 18.)

[21]*Id.*, No. 19.

disciplined or documented the incidents regarding the turbidity meter or plaintiff's job performance, that plaintiff had never been disciplined in twenty-seven years of employment with WaterOne, as well as the numerous memoranda exchanged between WaterOne's management debating whether to terminate plaintiff.  This evidence is sufficient for the jury to find that plaintiff's complaint of sexual harassment was a motivating factor in WaterOne's decision to terminate plaintiff's employment and that WaterOne's stated reason was pretextual. Accordingly, judgment as a matter of law is not appropriate and WaterOne's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant WaterOne's Motion for Judgment as a Matter of Law (Doc. 57) is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of October 2008.

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
